[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2009
THOMAS K. KAHN
CLERK

No. 09-10588
Non-Argument Calendar
_____

D.C. Docket No. 08-80598-CV-KLR

LEON SEGAL,
SHARON SEGAL, his wife,

Plaintiffs-Appellants,

versus

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____
(June 18, 2009)

Before BIRCH, HULL and COX, Circuit Judges.

PER CURIAM:

Leon and Sharon Segal own a house in Boca Raton, Florida. In 2005, Hurricane Wilma damaged their house, and they filed a claim under their

homeowner's insurance policy issued by Hartford Insurance Company of the Midwest. The Segals believed that Hartford's handling of the claim breached the insurance policy, and sued. Hartford moved to dismiss the Complaint with prejudice, and the district court granted the motion. The Segals now appeal.

The district court dismissed the breach of contract claim because it concluded the insurance policy included a depreciation holdback clause, and nothing in the contract eliminated that clause. Thus Hartford's performance pursuant to that clause was not a breach. (R.1-12 at 6-7.)

Florida Statute § 627.7011(3), which prohibits insurers from holding back the depreciation in value of damaged property covered by a policy, became effective after the Segals' policy was signed by the parties, but prior to the damage caused by Hurricane Wilma. The parties agree the statute does not apply retroactively to existing insurance policies. (Appellant's Br. at 12.) The Segals argue, therefore, that Hartford's performance pursuant to the depreciation holdback clause is a breach of the policy for two reasons. First, the Segals argue that the policy's liberalization clause incorporates Fla. Stat. § 627.7011(3) into the policy, and thus the depreciation holdback clause is written out of the policy. Second, the Segals argue that Hartford has changed its behavior and no longer applies a depreciation holdback to insureds,

2

and thus the liberalization clause has incorporated that change in Hartford's practices into the Segals' policy.

First, the liberalization clause did not incorporate into the policy the changes effected by Fla. Stat. § 627.7011(3). Contracts for insurance in Florida "are construed in accordance with the plain language of the policies as bargained for by the parties." *Prudential Prop. & Cas. Ins. Co. v. Swindal*, 622 So.2d 467, 470 (Fla. 1993). Here, the liberalization clause states:

> If we make a change which broadens coverage under this edition of our policy without any additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state . . .

(R.1-1, Ex. A, Complaint-Class Representation at 2.) The clause unambiguously covers changes made only by Hartford. The liberalization clause states, as the district court noted, "If *we* make a change. . . ." (*Id.*) (emphasis added). It cannot be said that Fla. Stat. §627.7011(3) was a change made by Hartford. Rather, it was a change made by the Florida Legislature that does not apply retroactively to the policy held by the Segals.

Second, although the Segals also argue that the liberalization clause has incorporated Hartford's changed practices with regard to depreciation holdbacks – namely that Hartford no longer applies them to insureds – the Segals did not allege

3

any such change by Hartford in their Complaint. Accordingly, the district court did not err in dismissing the Complaint with prejudice for failure to state a claim.

The district court's dismissal with prejudice was proper, and we affirm.

AFFIRMED.